REGAN, Judge.
This appeal emanates from the First City Court of New Orleans. The appellee, Robert Jackson, through the medium of á motion, pleaded that it should be dismissed for the reason that the appellant, E. J. Bagnell, doing business as Crescent City Motor Exchange or Crescent Motor Exchange, failed to file the transcript here on the date fixed for the return thereof or within three ordinary days thereafter.
The judgment from which .this appeal was taken was signed on March 28, 1955, and the, .order granting the appeal was signed and the bond was given on April 6, 1955. In the order of appeal the Judge of the First City Court fixed the return day as April 15, 1955. The .record was filed here on April 19, 1955.
The appellant asserts that the Judge was without ■ authority to fix a return day; for the reason that LSA-R.S. 13:1971 as amended by Act No. 599 of 1954, provides that all appeals from the City Courts are returnable any time “within ten days from the date of the order granting the appeal.’’
We are in accord with "This conclusion, LSA-R.S. 13:1971, as amended, does,not grant discretion to the trial judge to fix a return date for the appeal. In contra distinction LSA-R.'S. 13:4437 which delineates the procedure for appeals from the District Courts permits the exercise of discretion in this respect on the part of the judge.
The pertinent portion of LSA-R.S. 13:1971 reads:—
“ * * * judgments shall be signed on the fourth day after rendition, Sundays and holidays excluded, and there shall be no right to trial by jury in such cases before city courts. Appeals shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, on giving bond', according to law, in á sum exceeding ’ ■ by one-half the amount of money judgments, in case of suspensive appeal, and in a sum to be fixed by the judge, in case of devolutive appeal, and other than money judgments. The affidavit of the surety as to his solvency and residence shall be sufficient, without that of the principal. Such appeals from the city courts shall be returnable to the court of appeal within ten days from the date of the order granting the appeal.”
We are, therefore, of the opinion that the trial judge erred in fixing the return day as April 15, 1955, therefore, the appellant possessed the: .day, of April 17, within which to lodge the appeal. However, since April 17 was a Sunday and, as such, a legal holiday, the appellant then possessed the day of April 18, to place the transcript here before the three day grace period ensued; since it was lodged on April 19, it was timely filed.
For the reasons assigned the motion to dismiss the appeal is denied.
Motion to dismiss appeal denied.